# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE ANTONIO ZAPOT MENDOZA,**

**Petitioner,**

**v.**                                         **Case No. 26-CV-1199**

**SHERIFF DALE J. SCHMIDT,**

**Respondent.**

## ORDER

Jose Antonio Zapot Mendoza, a citizen of Mexico, entered the United States without inspection in 2002 and has lived here ever since. He was arrested by Immigration and Customs Enforcement agents on June 27, 2026. He is detained at the Dodge County Jail in Juneau, Wisconsin, pending removal proceedings. He filed a petition for a writ of habeas corpus, 28 U.S.C. § 2241, arguing that his detention without a bond hearing violates 8 U.S.C. § 1225 and the Due Process Clause of the Fifth Amendment.

Although Zapot Mendoza seeks relief under § 2241, the court applies the Rules Governing Section 2254 Cases to this action. *See* Rule 1(b), Rules Governing Section 2254 Cases. These Rules supersede the deadlines under 28 U.S.C. § 2243, *Brooks v. Pollard*, No. 13-C-0199, 2013 U.S. Dist. LEXIS 91269, at *6 (E.D. Wis. June 27, 2013),

and require the court to review the petition to determine if it is sufficient to proceed, Rule 4, Rules Governing Section 2254 Cases; *see also* Civ. L.R. 9(a)(2) (E.D. Wis.).

Zapot Mendoza named various federal officials as respondents, in addition to the sheriff in charge of the Dodge County Jail. The only proper respondent in a habeas petition is the petitioner's immediate custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); Rule 2(a), Rules Governing Section 2254 Cases, which for the Dodge County Jail is Dodge County Sheriff Dale J. Schmidt. The court will dismiss all other respondents. The court acknowledges that the absence of a federal official as a party presents certain difficulties and impracticalities but finds itself limited by the Supreme Court's clear holding limiting who may be named as a respondent in a habeas petition.

Having reviewed the petition, the court cannot say that it is subject to summary dismissal. Accordingly, the respondent shall answer the petition. Within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter. Absent further order of the court, the court will resolve the petition on the written submissions.

**IT IS THEREFORE ORDERED** that Samuel Olson, Markwayne Mullin, Todd Blanche, and David Venturella are dismissed as respondents.

**IT IS FURTHER ORDERED** that the Clerk shall promptly serve the respondent.

2

**IT IS FURTHER ORDERED** that within seven days of this order the respondent shall show cause why the petition should not be granted. The petitioner shall respond within seven days thereafter.

Dated at Green Bay, Wisconsin this 10th day of July, 2026.

s/ Byron B. Conway
BYRON B. CONWAY
U.S. District Judge