# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JOSE ANTONIO ZAPOT MENDOZA,**

       **Petitioner,**

    **v.**                  **Case No. 26-CV-1199**

**DALE J. SCHMIDT,**

       **Respondent.**

## DECISION AND ORDER

Jose Antonio Zapot Mendoza entered the United States without inspection in 2002. (ECF No. 1, ¶ 2) He was arrested by Immigration and Customs Enforcement (ICE) on June 27, 2026. (ECF No. 1, ¶ 3.) He is detained at the Dodge County Jail. (ECF No. 1, ¶ 1.) Pursuant to Board of Immigration Appeals' decision in *Matter of Hurtado*, 29 I. & N. Dec. 216, 2025 BIA LEXIS 44, 2025 LX 553980, which reversed the longstanding understanding that aliens residing in the United States were entitled to bond hearings under 8 U.S.C. § 1226, Zapot Mendoza has not been afforded a bond hearing.

Although the question has divided courts around the country, *see, e.g., Da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), including the judges within this district, *see, e.g., Mejia v. Mullin*, No. 26-cv-515, 2026 U.S. Dist.

LEXIS 78603, at *4 (E.D. Wis. Apr. 10, 2026); *Ugarte-Arenas v. Olson*, No. 25-C-1721, 2025 LX 500076 (E.D. Wis. Dec. 8, 2025); *Rojas v. Olson*, No. 25-cv-1437-bhl, 2025 LX 439596 (E.D. Wis. Oct. 30, 2025), this court has repeatedly concluded 8 U.S.C. § 1226 requires that an alien such as Zapot Mendoza be afforded a bond hearing, *Vivas v. Schmidt*, No. 26-CV-419, 2026 LX 176565 (E.D. Wis. Apr. 6, 2026); *Vela v. Schmidt*, No. 25-CV-2004, 2026 LX 12409 (E.D. Wis. Jan. 21, 2026); *Guerrero v. Schmidt*, No. 25-CV-1975, 2026 LX 89204 (E.D. Wis. Jan. 7, 2026) *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 LX 498566 (E.D. Wis. Oct. 29, 2025). The Court of Appeals has not resolved the question. *See Castañon-Nava v. United States Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026); *Castañon-Nava v. United States Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-61 (7th Cir. 2025).

Having reviewed the respondents' response to the present petition and the intervening authority, the court reaches the same conclusion as it reached in its prior decisions.

"As this court has explained in its prior decisions, its conclusion is dictated by the text of the statute. The statute uses two distinct terms—'an alien seeking admission' and 'applicant for admission.'" *Vivas v. Schmidt*, No. 26-CV-419, 2026 U.S. Dist. LEXIS 74528, at *3 (E.D. Wis. Apr. 6, 2026). The petitioner is an "applicant for admission." *See* 8 U.S.C. §§ 1101(a)(13)(A), 1225(a)(1). Congress specifically defined "applicant for admission" and used it throughout the relevant statutes. But when it came time to specify "who must be detained without even a hearing to argue for

release Congress used the distinct and undefined term 'an alien seeking admission.'" *Vivas*, 2026 U.S. Dist. LEXIS 74528, at *3 (quoting U.S.C. § 1225(b)(2)(A)).

It is a "basic canon of statutory interpretation that when Congress uses different words in a statute it intends different meanings." *Ramirez Valverde v. Olson*, No. 25-CV-1502, 2025 U.S. Dist. LEXIS 213128, at *6 (E.D. Wis. Oct. 29, 2025) (citing *Statutory Interpretation in the Federal Courts* § 3.05[2][c]); *see also Trump v. Barbara*, 225 L.Ed.2d 876, 986 (U.S. 2026) (Alito, J., dissenting) ("As we have often noted, we usually presume that 'differences in language … convey differences in meaning.'" (ellipses in original; quoting *Ysleta del Sur Pueblo v. Texas*, 596 U.S. 685, 698 (2022); citing *Pulsifer v. United States*, 601 U.S. 124, 149 (2024); *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 457-58 (2022)). The court cannot dismiss this distinct terminology "as merely a sloppy synonym." *Guerrero v. Schmidt*, No. 25-CV-1975, 2026 U.S. Dist. LEXIS 2223, at *5 (E.D. Wis. Jan. 7, 2026). By using a different term, the statute is clear that the mandatory detention provision applies to some class of persons distinct from an "applicant for admission."

A person who has been living in the United States for years before he is detained by ICE is not an "applicant for admission" regardless of whether he is presently seeking any sort of adjustment of his status. "The term 'an alien seeking admission' denotes the present tense and connotes an immediacy vis-à-vis the time of the alien's arrest." *Guerrero*, 2026 U.S. Dist. LEXIS 2223, at *6. This understanding is logically supported by the plain text and consistent with the policy underlying the statute.

The opportunity for release is the norm. Mandatory detention without even the possibility of release is an exception reserved for extreme circumstances. A person who has been living in the United States for years may reasonably be regarded as less of risk of non-appearance such that his detention need not be mandated. *See Guerrero*, 2026 U.S. Dist. LEXIS 2223, at *6-7.

There is no suggestion that the petitioner is otherwise statutorily ineligible for a bond hearing. Therefore, he is subject to 8 U.S.C. § 1226 and his continued detention without a bond hearing is in violation of the law of the United States. Accordingly, the court will grant the petition for a writ of habeas corpus and order the respondents to, within five business days, either afford the petitioner a bond hearing in accordance with 8 U.S.C. § 1226, and 8 C.F.R. § 1236.1 or release the petitioner.

**IT IS THEREFORE ORDERED** that Antonio Zapot Mendoza's petition for a writ of habeas corpus is **granted**. Within **five business days** of this order the respondents must either: (1) provide Zapot Mendoza with a bond hearing before an Immigration Judge, at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Zapot Mendoza's continued detention; or (2) release Zapot Mendoza from custody under reasonable conditions of supervision. The Clerk shall enter judgment accordingly.

Dated at Green Bay, Wisconsin this 27th day of June, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge

4